IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

LIEUTENANT PEDRO J. LAMBOY-ORTIZ and IDALIA FIGUEROA-VELEZ, their conjugal partnership and as parents representing their disabled children Wilmer Lamboy-Figueroa and María A. Lamboy-Figueroa; and SERGEANT ROBERTO FIGUEROA-MONTALVO and PURA VEGA-PABON, their conjugal partnership and their daughters ELIZABETH FIGUEROA-VEGA and LISBETH FIGUEROA-VEGA

Plaintiffs

vs.                                                                  CIVIL 02-2848CCC

HON. MIGUEL PEREIRA, in his personal capacity as former Superintendent of Police of Puerto Rico;
HON. VICTOR RIVERA in his official capacity as Superintendent of Police of Puerto Rico;
HON. MIGUEL G. ORTIZ-VELEZ in his personal capacity and in his official capacity as Mayor of the Municipality of Sabana Grande;
POLICEWOMAN MARISOL VARGAS-SANTIAGO, in her official capacity as Officer of the Police of Puerto Rico;
COLONEL CESAR GRACIA-ORTIZ, in his personal capacity and in his official capacity as Assistant Superintendent of the Police of Puerto Rico;
POLICEMAN JOSE SANTANA-PEREZ, in his personal capacity and in his official capacity as member of the Police of Puerto Rico;
LIEUTENANT EMILIO LABOY-CASTILLO, in his personal capacity and in his official capacity as Police Commander of the Police of Puerto Rico in Sabana Grande;
and employees, officers or agents of the Police Force of Puerto Rico or of Puerto Rico or of any other Governmental Puerto Rican Position related, depriving or cooperating to deprive plaintiffs of their constitutionally protected rights;
PERSONS A TO Z UNTIL NOW UNKNOWN

Defendants

CIVIL 02-2848CCC                                    2

## O R D E R

      During the trial session of June 13, 2005, attorney Ismalia Gutiérrez informed the Court that her client, Mayor Miguel Ortíz-Vélez, would not be attending because he had traveled to New York City to attend the Puerto Rican Day Parade and all flights returning before June 13, 2005 were completely booked. Defendant had filed a motion for continuance on June 6, 2005 (docket entry 202) based precisely on his travel plans which was denied. Defendant knew that he was scheduled to testify on June 13, 2005. Nonetheless, he abandoned the jurisdiction knowing full well that all flights were booked and that he would not be able to return for the June 13, 2005 session. In other words, he chose to disregard the Court's Order in order to pursue his programmed activity which was in direct conflict with the trial schedule.

      Considering that defendant has deliberately disobeyed the clear order of the Court that he be present to testify on June 13, 2005, the Court imposes upon him an economic sanction of $800.00 to be deposited forthwith with the Clerk of Court. This sanction is to be paid by the defendant in his individual capacity, and not with public funds of the Municipality of Sabana Grande.

      SO ORDERED.

      At San Juan, Puerto Rico, on June 14, 2005.

                                                               S/CARMEN CONSUELO CEREZO
                                                             United States District Judge